JOHN T. GORMAN
Federal Public Defender
District of Guam

RICHARD P. ARENS
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
YOUNG TAEK LEE

FILED
DISTRICT COURT OF GUAM
MAY 21 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) CR-07-00018 |
|---|---|
| Plaintiff, | ) MOTION TO WITHDRAW GUILTY PLEA |
| vs. | ) |
| YOUNG TAEK LEE, | ) |
| Defendant. | ) |

COMES NOW the defendant, YOUNG TAEK LEE, through counsel, Richard P. Arens, Assistant Federal Public Defender, and moves this Honorable Court to grant the withdrawal of his guilty plea. This motion is brought pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B) and the attached Memorandum of Law.

//

## MEMORANDUM OF LAW

Federal Rule of Criminal Procedure Rule 11(d)(2)(B) allows a defendant to withdraw a plea of guilty " after the court accepts the plea, but before it imposes sentence if: the defendant can show a fair and just reason for requesting the withdrawal." Mr. Lee contends the fair and just reason for withdrawing his plea is that the offense to which he pled guilty is not supported by the facts of this case.

On February 14, 2007, Mr. Lee entered a plea of guilty to an information charging him with Illegal Reentry of Removed Alien in violation of 8 U.S.C. §1326(a). The elements of illegal reentry of removed alien are:

1. The defendant is an alien;

2. who had been previously deported from the United States; and

3. reentered the United States without the consent of the Secretary of the Department of Homeland Security or any other representative of that department.

(8 U.S.C. § 1326(a) and the Ninth Cir. Model Jury Instruction 9.5A).

At issue in this case, is whether Mr. Lee "entered" the United States. If he did, the plea agreement should stand. If he did not, the plea must be withdrawn. The Ninth Circuit has found that "physical presence alone is insufficient to sustain a conviction of 'being found' in the United States." United States v. Cruz-Escoto, 476 F.3d 1081 (9th Cir. 2007), citing United States v. Gonzalez-Torres, 309 F.3d 594, 598 (9th Cir 2002). The court noted the government must also prove that the individual "entered the United States free from official restraint." Id., citing United States

2

v. Ruiz-Lopez, 234 F.3d 445, 448 (9th Cir. 2000).

Mr. Lee was never free from official restraint and therefore he did not "enter" the United States. Although Mr. Lee was physically present in the United States, he did not proceed beyond the secondary inspection point. In United States v. Zavala-Mendez, 411 F.3d 1116 (9th Cir. 2005), the court held that "[a]n alien who crosses the border at a designated location and proceeds directly in the manner designated by the government to the border station has not yet been 'found in' the United States . . ." The facts of this case are identical to Zavala-Mendez. Mr. Lee never entered, nor was he found within the United States. As a matter of law he cannot be guilty of Illegal Reentry of Removed Alien.

For all of the foregoing, Mr. Lee respectfully requests that the court allow him to withdraw his plea agreement.

DATED: Mongmong, Guam, May 21, 2007.

RICHARD P. ARENS
Attorney for Defendant
YOUNG TAEK LEE

## CERTIFICATE OF SERVICE

I, RENATE A. DOEHL, hereby certify that a true and exact copy of the foregoing document was filed with U.S. District Court and electronically served by the U.S. District Court Clerk's Office to the following on May 21, 2007:

>ROSETTA SAN NICOLAS
>Assistant United States Attorney
>Sirena Plaza
>108 Hernan Cortez, Ste. 500
>Hagatna, Guam 96910
>
>Attorney for Plaintiff
>UNITED STATES OF AMERICA
>
>MARIA CRUZ
>U.S. Probation Officer
>U.S. Probation Office
>Districts of Guam and NMI
>2nd Floor, U.S. District Court

DATED: Mongmong, Guam, May 21, 2007.

*/s/ Renate A. Doehl*

RENATE A. DOEHL
Operations Administrator

RICHARD P. ARENS
Attorney for Defendant
YOUNG TAEK LEE