ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Suite 500 Sirena Plaza
238 Archbishop Flores Street
Agana, Guam 96910
PHONE: 472-7332
FAX: 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
JUN - 1 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 07-00018 |
| Plaintiff, | |
| vs. | OPPOSITION TO DEFENDANT'S MOTION TO WITHDRAW PLEA OF GUILTY |
| YOUNG TAEK LEE, | |
| Defendant. | |

**OPPOSITION TO DEFENDANT'S MOTION TO
WITHDRAW PLEA OF GUILTY**

Defendant pled guilty on February 14, 2007 to the offense of Illegal Reentry of a Removed Alien, in violation of 8 U.S.C. §1326(a). Defendant waived his right to have the matter presented to a Grand Jury and voluntarily pled guilty to an Information. A PreSentence Report was prepared on May 1, 2007. Counsel for defendant adopted the PreSentence report on April 30, 2007. Defense counsel now raises the defense that the Government failed to prove an element - that the defendant entered the United States free from "official restraint" and seeks to withdraw his plea of guilty. Sentencing is calendared for June 26, 2007. At this juncture, the Government opposes the defendant's motion.

I. **WITHDRAWAL OF PLEA IS ONLY PERMITTED UPON A SHOWING OF GOOD CAUSE.**

The issue to be decided by the District Court is whether defendant presents a "fair and just reason" for withdrawal of the plea. A district court may permit a defendant to withdraw a guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). After a defendant is sentenced, however, a "plea may be set aside only on direct appeal or collateral attack." Fed.R.Crim.P. 11(e). The defendant has the burden of demonstrating a fair and just reason for withdrawal of a plea. U.S. v. Ortega-Ascanio, 376 F3d at 883 (9th Cir. 2004). Where the defendant files a motion to withdraw his or her guilty plea before he or she is sentenced, the defendant has the initial burden of proving good cause or a fair and just reason for withdrawing the guilty plea by a preponderance of the evidence. State v. Garcia, 192 Wis. 2d 845 (1995).

"Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." U.S. v. Ortega-Ascanio, 376 F3d 883 citing U.S. v. Turner, 898 F.2d 705 (9th Cir.), *cert. denied*, 495 U.S. 962 (1990).

A. **The Defense of Official Restraint**

Defense argues that the plea must be withdrawn because the facts of the case do not support the elements of the offense. In U.S. v. Cruz-Escoto, 476 F.3d 1081 (9TH Cir. 2007), a case cited by the defendant, a defendant was seen running in a channel north of Tiajuana 100 yards inside the United States. Defendant's case, U.S. v. Cruz-Escoto, 476 F.3d 1081 (9th Cir. 2007), focuses on the failure of the Judge to advise a jury of the defendant's defense of lack of official restraint. "A defendant is entitled to have the judge instruct the jury on his theory of the defense, provided that it is supported by law and has some foundation in the evidence." Cruz-Escoto, 476 F.3d 1081, 1087. Unlike Cruz-Escoto, defendant waived his right to trial by jury, waived his right to call witnesses, waived his right to cross examine those who would testify against him, and waived his right to present a defense. The Government contends that the belated realization of a defense is not a fair and just reason to withdraw the plea.

1         Further, this defense arises three and a half months after the change of plea hearing. "It follows that a court, in addressing a withdrawal motion, must consider not only whether the defendant has asserted his innocence, but also the reason why the defenses now presented were not put forward at the time of original pleading." U.S. v. Barker, 514 F.2d 208, 221, *cert. denied*, 421 U.S. 1013 (1975). "By the same token, however, where the plea itself was properly entered, withdrawal is not an automatic right and more substantial reasons for delay must generally be asserted. Barker, 514 F.2d 208, 221, *cert. denied*, 421 U.S. 1013 (1975). "The movant's reasons must meet exceptionally high standards where the delay between the plea and the withdrawal motion has substantially prejudiced the Government's ability to prosecute the case." U.S. v. Vasquez-Velasco, 471 F.2d 294 (9th Cir.), *cert. denied*, 411 U.S. 970 (1973). "That withdrawal would substantially inconvenience the court is also a proper factor for consideration." U.S. v. Barker, 514 F.2d 208, 222 (U.S. App. D.C., 1975). "If the defendant has long delayed his withdrawal motion, and has had the full benefit of competent counsel at all times, the reasons given to support withdrawal must have considerably more force." Id. Defendant waived his defenses when he pled guilty. Defendant's motion to withdraw the plea should be denied.

B.   **Adequate Plea Colloquy**

        The plea colloquy was proper and conducted pursuant to Rule 11 by the Honorable Frances M. Tydingco-Gatewood. There is no indication that the colloquy was deficient in any way.

C.   **Voluntariness of the Plea**

        The defendant entered a plea of guilty freely, voluntarily, and intelligently with the aid of a translator and competent and experienced counsel. Defendant freely stated "Yes, I do admit that I was deported from the United States. That I did come to Guam knowing that Guam was a U.S. Territory. And this is the fact that I did get arrested for illegal reentry. And all the elements put on the indictment is all true." (Transcript of Proceedings, P. 21). The District Court Judge then protected the record and reviewed the elements of the offense asking the defendant the following:

Court: "Okay, let me just ask you, though, for purposes of protecting the record here, was this on or about November 22, 2006?"
A. "Yes."
Q. "At that time you were an alien?"
A. "Yes."
Q. "And that you had been deported from the United States on or about March 29th, 2005?"
A. "Yes."
Q. "And that, and that was in New York?"
A. "Yes."
Q. "And that prior to your reembarcation from a place outside the United States, you had not received the consent of the Attorney General of the United States of America to apply for - excuse me- to reapply for admission, and to enter the United States, is that correct?"
A. "You mean that I did not get approval to enter?"
Q. "Correct."
A. "I did not get any approval."
(Transcript of Proceedings, p. 22)

Defendant's plea was knowing, voluntarily and intelligently made.

D. **Absence of Newly Discovered Evidence, Intervening Circumstances, or Other Fact Which did Not Exist When Defendant Entered His Plea of Guilty.**

There is no newly discovered evidence which has just come to light. Further, there are no intervening circumstances which have occurred. There are no other reasons for withdrawing the plea that did not exist when the defendant entered his plea. Further, defense counsel adopted the Presentence Report on April 30, 2007 further indicating acceptance of the plea of guilty.

The concept of freedom from official restraint is not a novel concept, that is, it was in existence at the time the defendant entered his plea of guilty. Defendant's citation to a 2005 case U.S. v. Zavala-Mendez, 411 F.3d 1116 (9th Cir. 2005), is not a basis to withdraw the plea because the Zavala-Mendez case was in existence in 2007 and existed at the time defendant entered his plea. Withdrawal on this basis is not a fair and just reason to withdraw the plea.

## CONCLUSION

Defendant voluntarily entered into a guilty plea and waived his right to present defenses. Presentation of a defense would not be a fair and just reason to withdraw a plea of guilt. At this juncture, the Government opposes the defendant's motion.

DATED this 2nd day of May, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: *(signed)*
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney